UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNNMARIE E.,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Acting Commissioner of Social Security,<br><br>　　　　　　　　　Defendant. | Case No.: 21-cv-00244-JLB<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; AND**<br><br>**(2) SCREENING AND DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)**<br><br>**[ECF Nos. 1; 2]** |

Plaintiff Lynnmarie E. has filed a Complaint against the Commissioner of Social Security, Andrew Saul, seeking judicial review of the Commissioner's final decision denying her application(s) for "Social Security Disability Insurances and/or Supplemental Security Income." (ECF No. 1 ¶ 6.) The parties have consented to the disposition of the case by Magistrate Judge Jill L. Burkhardt pursuant to 28 U.S.C. § 636(c). (ECF No. 4.)

Presently before the Court is Plaintiff's Motion for Leave to proceed *In Forma Pauperis* ("IFP Motion"). (ECF No. 2.) For the reasons set forth below, the Court

///

**GRANTS** Plaintiff's IFP Motion and *sua sponte* **DISMISSES** the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

## I.     IFP MOTION

**A.     Legal Standard**

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1). Section 1915(a)(1) provides that:

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). As § 1915(a)(1) does not itself define what constitutes insufficient assets to warrant IFP status, the determination of indigency falls within the district court's discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *reversed on other grounds by* 506 U.S. 194 (1993). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "One need not be absolutely destitute to obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). "Nevertheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness[,] and certainty.'" *Escobedo*, 787 F.3d at 1234.

///

///

**B.     Discussion**

Here, Plaintiff has not paid the $402[1] filing fee required to maintain a civil action in this District and has instead moved to proceed IFP.  (ECF No. 2.)  Plaintiff attests to the following under penalty of perjury in her affidavit of assets:  She is unemployed but receives $1,852 per month from unemployment payments ($408), food stamps ($204), and "Section 8 Housing Pay[ment]s" ($1,240).  (*Id.* ¶¶ 1–2.)  She has $80 in a checking account and a 2015 Chevy Spark valued at $1,300 with a salvage title.  (*Id.* ¶¶ 4–5.)  She has no other assets.  (*Id.* ¶ 5.)

Plaintiff's total monthly expenses average $2,146 for: rent ($1,500); utilities ($120); food ($204); clothing ($40); laundry and dry cleaning ($75); renter's insurance ($12); life insurance ($30); motor vehicle insurance ($50); and installment payments on Discover and CapitalOne credit cards ($80) and a Kohl's Department Store account ($35).  (*Id.* ¶ 8.)  Therefore, on average, Plaintiff's monthly expenses exceed her monthly income by $294.  Plaintiff attests that she is "currently paying [her] bills with credit cards" that are "almost maxed out."  (*Id.* ¶ 11.)

The Court finds that Plaintiff's affidavit of assets sufficiently demonstrates that she lacks the financial resources to pay the $402 filing fee without causing undue financial hardship.  Accordingly, Plaintiff is given leave to proceed IFP.

///
///
///
///

---

[1]     *See* 28 U.S.C. § 1914(a) ("The clerk of each district shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350, except that on application for writ of habeas corpus the filing fee shall be $5."); *CASD Fee Schedule*, https://www.casd.uscourts.gov/_assets/pdf/courtinfo/Fees%20of%20the%20U.S.%20District%20Court%20(CASD).pdf (effective Mar. 1, 2021) (imposing a $52 administrative fee for a civil action, suit, or proceeding).

## II. SCREENING OF COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)

### A. Legal Standard

Any complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a) is subject to a mandatory review by the Court and *sua sponte* dismissal if it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). "[S]ection 1915(e) not only permits but *requires* a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (emphasis added). Complaints in social security appeal cases are not exempt from § 1915(e)'s screening requirement. *Hoagland v. Astrue*, No. 1:12–cv–00973–SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012) ("Screening is required even if the plaintiff pursues an appeal of right, such as an appeal of the Commissioner's denial of social security disability benefits."); *cf. Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

Under Rule 8 of the Federal Rules of Civil Procedure, all complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required in a complaint, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a complaint in a social security disability appeal may differ in some ways from complaints in other civil cases, it is "not exempt from the general rules of civil pleading." *Hoagland*, 2012 WL 2521753, at *2. Courts in this District and other districts in the Ninth Circuit look for four basic requirements when screening a social security disability complaint for failure to state a claim:

> First, the plaintiff must establish that [she] has exhausted [her] administrative remedies pursuant to 42 U.S.C. § 405(g) and that the civil action was commenced within sixty days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims [she] became disabled. Fourth, the complaint must contain

>a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.

*Montoya v. Colvin*, No. 2:16-cv-00454-RFB-NJK, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016).

Expanding on the fourth requirement, a complaint fails to state a claim if it simply states that the Commissioner was wrong in denying a plaintiff benefits, for "[e]very plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong." *Hoagland*, 2012 WL 2521753, at *3. Thus, "a social security complaint that merely parrots the standards used in reversing or remanding a case is not sufficient to withstand a screening pursuant to [§] 1915(e)." *Montoya*, 2016 WL 890922, at *2. Instead, "[a] complaint appealing the Commissioner's denial of disability benefits must [include] a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at *2.

**B.  Discussion**

Applying these four basic requirements to the Complaint here, the Court finds that the Complaint is insufficient with respect to the fourth requirement. The Complaint fails to allege any specific reasons for why the decision of the Administrative Law Judge ("ALJ") should be reversed or remanded. Instead, the Complaint "merely parrots" the standard of judicial review by alleging that the ALJ's decision to deny Plaintiff's "disability claim"[2] was not "supported by substantial evidence under the standards set forth by

---

[2]  The Complaint is also ambiguous as to whether Plaintiff was denied Social Security Disability Insurance benefits or Supplemental Security Income, or both. (*See* ECF No. 1 ¶¶ 1, 6, 8.) The Court further notes that, seemingly in error, the Complaint uses male pronouns when referring to Plaintiff. (*See id.* ¶¶ 7, 9.) It is apparent that these types of errors are due to the use of a form complaint. Plaintiff's counsel's firm is urged to "reconsider using form complaints, which fail to comply with [Federal Rule of Civil

42 U.S.C. § 405(g) and all other applicable laws and regulations, including the weight of the evidence, Plaintiff's credibility, the medical opinions of [her] doctor's, and any and all other appliable evidentiary issues." (ECF No. 1 ¶ 9.)  This boilerplate statement does not identify the nature of Plaintiff's disagreement with the ALJ's decision. *See Montoya*, 2016 WL 890922, at *2.  Accordingly, the Court is obligated to *sua sponte* dismiss the Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.   CONCLUSION

For the reasons stated above, the Court hereby:

(1)   **GRANTS** Plaintiff's IFP Motion (ECF No. 2); and

(2)   *sua sponte* **DISMISSES** the Complaint (ECF No. 1) without prejudice and with leave to amend for failure to state a claim upon which relief may be granted.  Plaintiff shall have until **June 18, 2021** to file an amended complaint that cures the deficiencies set forth above.

**IT IS SO ORDERED.**

Dated:  May 28, 2021

Hon. Jill L. Burkhardt
United States Magistrate Judge

---

Procedure] 8 and the IFP statute and waste the Court's resources." *See Irizarry v. Berryhill*, No. 19-cv-0476-AJB-NLS (S.D. Cal. Mar. 15, 2019), ECF No. 5.