UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNNMARIE E.,<br><br>                         Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>                         Defendant. | Case No.: 21-cv-00244-JLB<br><br>**ORDER GRANTING AMENDED JOINT MOTION FOR THE AWARD AND PAYMENT OF ATTORNEY'S FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)**<br><br>**[ECF No. 26]** |

      Before the Court is an amended joint motion for an order awarding Plaintiff $7,350.00 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (ECF No. 26.) For the following reasons, the amended joint motion is **GRANTED**.

## I.    BACKGROUND

      The underlying action involves Plaintiff's appeal of the Social Security Administration's denial of her applications for Social Security Disability and Supplemental

1

Security Income benefits. (ECF No. 1.) After the Commissioner of Social Security filed the administrative record, the Court directed the parties to engage in good faith settlement discussions and file a joint notice of settlement, if appropriate, no later than October 22, 2021. (ECF No. 12.) On October 22, 2021, the parties filed a Status Report informing the Court that the case did not settle. (ECF No. 13.) However, on April 1, 2022, the parties filed a joint motion for voluntary remand to the agency for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and entry of judgment. (ECF No. 21.) That same day, the Court granted the joint motion and remanded the matter to the agency for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No. 22.) The Clerk of Court was directed to enter final judgment in favor of Plaintiff, and against Defendant, reversing the final decision of the Commissioner. (*Id.*) Judgment was entered on April 1, 2022. (ECF No. 23.)

## II.   DISCUSSION

A litigant is "entitled to attorney's fees and costs if: (1) [s]he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005) (citing *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002)); *see also* 28 U.S.C. § 2412(d)(1)(A).

The prevailing party is eligible to seek attorney's fees within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). "A sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, upon expiration of the time for appeal." *Akopyan*, 296 F.3d at 854 (citation omitted) (citing *Schalala v. Schaefer*, 509 U.S. 292, 297 (1993)). Under Federal Rule of Appellate Procedure 4(a)(1)(B), the time for appeal expires sixty days after entry of judgment if one of the parties is a United States officer sued in an official capacity. Therefore, a motion for attorney's fees filed after a sentence four remand is timely if filed within thirty days after Rule 4(a)'s sixty-day appeal period has expired. *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 602 (9th Cir. 2007).

Here, the Court finds the parties' amended joint motion is timely and that Plaintiff is entitled to EAJA fees. First, the Court remanded this case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and entered judgment for Plaintiff. (ECF Nos. 22; 23.) Plaintiff is therefore the prevailing party, for "[a] plaintiff who obtains a sentence four remand," even when further administrative review is ordered, "is considered a prevailing party for purposes of attorneys' fees." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (citing *Schaefer*, 509 U.S. at 297–98, 301–02); *see also Roland S. v. Saul*, No. 3:20-CV-01068-AHG, 2021 WL 4081567, at *2 (S.D. Cal. Sept. 7, 2021) (finding the plaintiff to be the prevailing party where the case was remanded pursuant to sentence four of 42 U.S.C. § 405(g) based on a joint motion for voluntary remand).

Second, the Commissioner makes no argument that her position was substantially justified. *See Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) ("It is the government's burden to show that its position was substantially justified."). Rather, the Commissioner filed a joint motion to voluntarily remand this case for further administrative proceedings and the instant fee request comes to the Court by way of a joint motion. *See Ulugalu v. Berryhill*, No. 17-CV-01087-GPC-JLB, 2018 WL 2012330, at *3 (S.D. Cal. Apr. 30, 2018) (finding the Commissioner did not demonstrate substantial justification for her position where she filed a voluntary stipulation for remand and the matter was referred to an administrative law judge to make a new determination as to the plaintiff's disability).

Finally, Plaintiff's requested fees are reasonable. Plaintiff's counsel declares that she and one other attorney in her law firm spent 34.75 hours at an hourly rate of $217.54 working on this case, for a discount total of $7,350.00.[1] (ECF No. 26-3.) The hours are reasonable in light of Plaintiff's results in the case. *See Hensley v. Eckerhart*, 461 U.S.

---

[1] In Plaintiff's itemization of fees, the total fee was calculated to be $7,559.52. (ECF No. 26-3 at 2.) However, in the parties' amended joint motion, the total fee requested was $7,350.00. (ECF No. 26 at 1.)

424, 435 (1983) ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee."); *see also Dana F. v. Kijakazi*, No. 20-CV-01548-AHG, 2022 WL 542881, at *3 (S.D. Cal. Feb. 23, 2022) (finding 40 hours billed by plaintiff's counsel a reasonable number of hours); *Guzman v. Comm'r of Soc. Sec.*, No. 20-CV-0468-KJN, 2021 WL 2534462, at *4 (E.D. Cal. June 21, 2021) (finding a total of 38 hours for counsel spent prosecuting the Social Security appeal to be reasonable in a case where, as here, the parties agreed to a sentence-four remand). Notably, this case was resolved early in Plaintiff's favor. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (noting that "[m]any district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases").

The hourly rate is also reasonable. Counsel's hourly rate of $217.54 is equal to the Ninth Circuit's EAJA hourly rate. *See Statutory Maximum Rates Under the Equal Access to Justice Act*, U.S. Courts for the Ninth Circuit, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited July 5, 2022); *see also Roland S.*, 2021 WL 4081567, at *3 (finding hourly rates consistent with the Ninth Circuit's EAJA rates to be reasonable).

### III.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** the parties' amended joint motion (ECF No. 26) and awards Plaintiff fees in the amount of $7,350.00, as authorized by 28 U.S.C. § 2412 subject to the terms of the Joint Motion.

**IT IS SO ORDERED.**

Dated: July 5, 2022

*[signature]*
Hon. Jill L. Burkhardt
United States Magistrate Judge